**Snyder Condemnation**

*Thomas J. Evans,* for Commonwealth.

*Jay W. Myers,* for condemnees.

KREISHER, P. J., January 7, 1971.—On July 13, 1970, the board of viewers appointed in the above-captioned action, endeavoring to comply with the procedural requirements of the Eminent Domain Code of June 22, 1964, Special Sess., P. L. 84, Art. V, sec. 513, as amended, 26 PS §1-513, filed a notice of intention to lodge their report on July 23rd in the office of the prothonotary and a copy of said notice was served upon counsel of record on the same date. The said act provides, inter alia, ". . . Ten days before the filing of their report, the viewers shall mail a copy thereof to all parties or *their attorneys of record* with notice of the date of the intended filing and that the report shall become final unless an appeal therefrom is filed within thirty days from the date the report is filed . . ."

Said viewers' report was duly filed July 23rd and some weeks following the expiration of the above-mentioned 30-day period, counsel for the condemnees requested condemnor's counsel to fix a time for final settlement; however, said request was ignored, and on September 23rd, counsel for the condemnor filed an appeal.

Section 515 of the said code also provides, inter alia, "Any person aggrieved by the decision of the

viewers may appeal to the court of common pleas within thirty days from the filing of the report. . ."

The matter is now before the court on condemnees' motion to quash the appeal on the ground that the same was filed untimely or late.

Counsel for the Commonwealth, which is the condemnor in this case, contends the statutory mandatory 30-day period does not bar this appeal because the board of viewers failed to serve said 10-day notice upon the people in Harrisburg, to wit, the Attorney General, the Secretary of Revenue and/or the Secretary of Highways. He admits, however, he received notice and that he is counsel of record for the Commonwealth in the capacity of a deputy attorney general. He contends, however, since it was the custom in the past of previous Boards of Viewers to send notice to Harrisburg that the Commonwealth was so prejudiced that a fraud was perpetrated and that the time for appeal should be extended.

The rule is so well established that it requires no citation of authority to state that where the legislature by statute has fixed a time within which an action must be done, the courts have no power to enlarge it except in cases of fraud or its equivalent: King Appeal, 204 Pa. Superior Ct. 490.

The above-quoted provisions of the code specifically provide that notice be given either to the parties or their attorney of record. It does not require notice to be given to both because it is specifically stated in the alternative. It, therefore, follows notice to counsel of record for the Commonwealth meets the above-quoted procedural requirements, and the Commonwealth is bound by the statutory limitation for filing appeals the same as an individual or other corporate entity. Furthermore, our recent experience with jury verdicts in view of the spiralling inflationary real estate market is that the awards by the boards of view-

ers are generally much less than the awards given by the jury verdict.

This same philosophy was expressed in the case of Brown & Vaughn Development Company v. Commonwealth, 393 Pa. 589, 598, wherein the court stated:

"There is no assurance that another venture into the assizes may not result in an even heavier reverse . . . The plaintiff is satisfied with that amount and the Commonwealth should not be content to pay less than what the facts, fortified by the law in the matter, prove to be just and fair compensation."

It is our understanding that the board of viewers awarded only $4,250 as damages for considerable taking of very valuable land. Therefore, to protect the Commonwealth from its own poor judgment, we are obliged to comply with the law, and to this end, we enter the following:

### ORDER OF COURT

And now, to wit, January 7, 1971, it is ordered and decreed that the motion to strike off the appeal in the above-captioned case be and the same is hereby granted, and the prothonotary is hereby authorized to enter judgment upon the award by the board of viewers. Exception noted.